3-22-0280 Ye Yang Appellant v. Aero Auto Works, Inc. and Mohamed Oudin Appeliz. Mr. Fyofanov, you may proceed. Thank you, Anna. Good afternoon, members of the panel. My name is Dmitry Fyofanov, of ChicagoLemonLaw.com, and since I have no opposition, I really don't have much to say, except for the usual venting that the lawyers do in front of the panel. Mr. Fyofanov, let me ask you a question, and this is a problem. We have the record of report of proceedings for your post-trial motion, but we don't have the report of proceedings for the hearing on attorney's fees, and without that hearing, we don't have the complete basis and knowledge with regards to whether or not the judge made the requisite findings in order to deal with the issue of attorney's fees. So, we're at a loss as to how we can do anything but affirm when we don't have the report of proceedings of the hearing at which the judge set the attorney's fees. I think I understand your question, ma'am, but I don't think the gist of my appeal had to do with attorney fees that were awarded to me. That is not the issue as I perceive it. Okay, go ahead then. The issue, as I perceive it, is that the judgment that was entered was entered only against one of the two defendants. I mean, attorney fees is, of course, always of interest to people. But the judgment has the same problem as the attorney's fees issue. We don't have a report of proceedings or even a bystander's report for the hearing on the underlying complaint. So, we don't have the judge's criteria why the judge awarded against the corporation but not the individual. I did not anticipate that issue to come up. As far as I remember, it was my understanding that you had sufficient grounds either by way of court orders or by way of subsequent motions because I believe there was a motion to reconsider. And so, there is evidence in the record as to why the denial of the entry of judgment, default judgment against the individual was made. That was my understanding. If you disagree, you disagree. Okay, go ahead. I have nothing to add, really. Okay. Any further questions of the court? Well, I have one question. Yes, ma'am. Mr. Feofanov, you said that you didn't think that this case was about attorney fees and that was not the way that I had read your brief. I thought that what you were saying was that the judgment was against both parties but the court had only entered fees against the company. Well, there was a switch along the way. Admittedly, it was an introductory order but having obtained the judgment against, default judgment against both, it seems it stands to reason that there can be no grounds to all of a sudden say no, it can be only against one but not another. The reason I said it was really not about attorney fees is because attorney fees and that particular proceeding is but a vehicle to bring to your attention a more fundamental issue which is the how could I say it and which is the unilateral action on by the trial court in in coming up with reasons for doing this or that in the absence of anything presented from the other party. My main emphasis in this appeal is really about the party presentation principle. Attorney fees and what happened there is merely a vehicle to bring it to your attention because it seems to me that the trial court had no basis to come up with any justifications for doing this or that in the absence of any presentation by the defaulting party. I don't know whether it answers your question but I'm trying to articulate why this case is before you. So you're saying it's before us because the trial court did something that one of the parties should have done? I would put it somewhat differently but I think you understand my answer. It is before you because the trial court did something which the other party should have done but did not because it was not there and therefore it is my contention that the party presentation principle kind of requires a trial court in its role as a hands-off umpire not to come up with grounds on its own for or against particular result. Well are you saying that to make this simple the plaintiff receives a default judgment against two parties correct? Yes. Okay and the remedy in that default judgment is to rescind the sale, return the purchase price money and to seek fees and costs correct? Yes. Okay and that that should have been the sum and substance basically of this case and enter judgment against both parties for that remedy. Am I correct? Yes and my vehicle to get to that result is the party presentation principle which I maintain should be the operative principle when disputes come before courts because that kind of goes hand in hand with the adversarial nature. I understand but this is an interesting question actually. I'm glad that you feel this way because I thought that was an interesting question and that's why I filed a nitpick. Right I mean just at a 30,000 feet should a judge or can a judge enter a judgment that arguably is void or in error? What you're saying is yes there was no party participation on the other side and therefore a default judgment was entered with the remedy as you know I just stated what remedy was but then decided to make the remedy not effective against one of the defaulting parties. Am I correct? Yes we are because it's all because no plaintiff's attorney is going to they'd like to get a judgment against the governor of the state of Illinois too even if as long as they were served and didn't respond. Okay unfortunately they always do but yes of course. Okay but my point being is is that should can or is it proper rather for a court as a matter of law to enter a judgment that may if there was participation under accepted principles of law be able to be voided by a later participation by that absent party? That's that's a very interesting question. I really didn't think about it this way but on you know when you put me on the spot like that I will answer with whatever comes to my mind. It seems to me that the trial court should enter whatever judgment is appropriate based on the materials before the trial court. As far as you know subsequent voidable nature of the arguably as far as subsequent voidable nature of that judgment I think that would be for the later proceedings should they occur. Okay if they do. Yeah I agree with yeah I think I agree with you on that but my point might be that if the record before the judge yeah okay even though the party you know that could use it as a defense later on is not present to argue it can the judge make a proper judgment a proper decision against one or both of the parties or one to the exclusion of the other party and your argument should be why in this instance the one person was put on the hook which was the corporation and the other the individual was not given a judgment against him. I mean that's really the basis of your appeal that there was an error in that matter in doing that am I correct? I think so if I understand you correctly am I understanding you correctly that you're the basis for your question is this if the record contains some evidence as to why an action by the trial court should not be this or that but the only appearing party does not bring it up there's just basis in the record should the trial court take into consideration whatever appears from the record and and rule accordingly or just based on what the party presents it is that what you're asking yes I mean what is yes yes yeah I think I understand that that's a hard one based on the party presentation principle the answer is it should be what the party says I see if there is something obvious in the record that creates a doubt I think that if that's the case then the trial court should articulate that and allow the other party to address that oh allow the I'm sorry allow the moving party to address that and say why he or she agrees with it or doesn't agree with it but I think the issue I detected was the the the the seeming ability of the trial court to um do it without without regard to the adversarial nature of the litigation and without regard to the party presentation principle uh seemingly to do to do just it reminds me the old joke when the lawyer says justice prevailed and the client says appeal immediately so I thinking of the trial court but it seems to me that uh that goes beyond the neutral umpire role that well the trial court should have if that makes any sense yes it does make sense at least to me and I can't speak for anyone else on our course uh now now that we've kind of honed it down you say you can understand why there was a division in the thinking of the court yes I do okay and what would that be uh that was the desire to do justice which prevailed um so appeal immediately uh I think that as I said when I when I first appeared uh I really have no legal argument other than venting the venting that I was referring to well I think you do but I'm going to pull it out of you uh your your your legal argument is is that the court committed error because it considered uh factors or whatever that led it to this conclusion and that it was there under the law well do that I mean I'm going to try not to put words in your mouth but explaining why yeah well but with you ask me your honor as to whether I understand why I I circle back to that the venting that I was referencing is is that and we only can bring it to your attention because that's how it works is that very often the trial courts go beyond the neutral umpire they're not conservative enough to stay within the confines of neutral umpiring umpiring they want to do justice which is understandable I understand it but in doing so sometimes they go beyond what we lawyers consider uh proper when we present that that's okay how did this now how did this particular judge go beyond what what did what what is the error that was made what under law well uh the um as I recall the transcript because I think there is a transcript of this hearing first of all now and let me just say we love Judge Wheaton I played Rhapsody in Blue with her she was in an orchestra when I saw what was DuPage County so I we love Judge Wheaton it's not personal um I the the error as I see is that and as I recall the transcript first of all she referenced the as is nature of the transaction which was totally like legally erroneous because uh that wasn't really an issue even at all and and and then um as I recall the transcript again uh her her uh statement was that the uh you know request to admit that were deemed admitted by virtue of the defendant not showing up were not sufficient uh for for doing what we ask her to do it seems to me that uh those were two very big errors number one because the as is she did mention I recall very distinctly it's in the transcript it's in the record she did mention that oh first of all this was another transaction that doesn't matter in fact it is completely off of the subject because uh since 2017 as these transactions are illegal in Illinois for certain classes for most classes of used cars so that was just like 100 percent upside down and second let me ask that question uh you know is as is generally in the trade of automobile purchasing and selling etc is as it sits where it sits in the condition that it sits but you're saying that under consumer fraud action the element of merchantability has to be inherently there right yeah no I think I need to I think I need to explain that first of all I I must strongly strongly strongly disagree with your description of as is and I can cite cases from memory that support my position as is as a term of art I am Chicago lemon law I know that stuff backwards and forwards as this is a term of art it comes from the UCC section 2-316 uh parenthesis three and it means disclaims implied variances of merchantability okay nothing more nothing less there is a second district case called NAPCOR saying as is does not give you a license to defraud people or anything like that uh so it's just you're saying so you're saying that as is does include merchantability as this disclaims it what's that it disclaims merchantability yeah but the reason the reason this was completely off the of the table in this case is because uh since 2017 July as is sales are illegal in Illinois there is a section in the consumer fraud act which the legislature in its infinite wisdom called implied warrants of merchantability and it basically says if the car is below 150 000 miles you may not may not as a matter of law sell the car as is gone finished not there so when Judge Witten mentioned as is she was thinking the old law it's completely superseded it has nothing to it has no relevance that's number one number two request to admit you know rule 16 you know says okay it's admitted it's those are the facts and as I recall as I recall the transcript at this part of the record uh she um said it's not enough actually my argument that is is that it is enough because that's let's go back to merchantability yes so your argument if I'm doing your argument your argument is is that the the error here why I get these remedies is because it was not merchantable am I correct the purchase of that automobile was not a merchantable purchase right no uh the the error was well okay let me go back under product if certain disclosures are not made in the purchase contracts uh the transaction is quote-unquote voidable at the option of the purchaser and what were the facts what were the facts here that oh the the there were no disclosures whatsoever but isn't the operative fact there's no title well that's on top of everything yes on top of everything it's the fact there's no title well the the no title would allow you to sue under section 2-312 of the article 2 which is the implied warranty of title that is true but the easier well there are multiple ways why this transaction was all messed up but the easiest way is section 2l which is voidable at the option of the purchaser and since the purchase documents on their face violated section 2l my client was entitled to void the transaction I actually had to look up once and research the meaning of the term voidable at the time at the option of the purchaser purchases there's clear language in the consumer fraud act yeah that is section 12 that is a newly so your case basically if i'm to summarize it is that on the request to admit okay that that's the evidentiary record yes that as a matter of law should have granted the remedies to your client yes against both well the remedies to your client are yeah and against and against both yeah yeah yeah yes the issue of attorney's fees is not mandatory uh that is true uh the it's not mandatory technically um under the prevailing supreme court a precedent it's practically mandatory although not legally mandatory you are correct so this case is about an error that attorney's fees were not ordered against the individual am i correct well yes and of course you you all know why that is the case impossible to collect against the defunct corporation possible to collect against the without a remedy because if we can't chase the individual or ends up without justice as you earlier started well it's the other part of the justice part uh yes it there was a justice for the uh guy who uh was selling cars out of a hair parking lot but my client ends up without without justice yes funny how it worked evens out well i'm done trying to unravel this mystery do you want to add to it i i don't i don't even see the time here do you i do not but i think i'm looking at the screens do you i think we only had 15 minutes yeah but we usually have a light yeah yeah i see no light oh there's the light here's the light appeared and it's red so i think your time is up but maybe the court has some further questions i don't know i don't either okay thank you for your time and for your attempt attempts to unravel unravel this case very very good may i may i go off the record and ask you what instrument do you play oh i i i play piano i i the peach symphony i was the uh you know rhapsody in blue is one of my war horses so it's a piano judge whitten plays cello so we played together actually well thank thank you count uh counsel for your arguments in this matter today thank you it'll be taken under advisement a red dispositional it will issue and our clerk will escort you out of our remote courtroom at this time